UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS CLEVE HOVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:20-CV-1369 SNLJ |
| THOMAS FRISCH and ARY BIRD, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Self-represented plaintiff filed this civil suit against two of his neighbors in St. Louis, Missouri. This matter is now before the Court upon plaintiff's application to proceed *in forma pauperis*, or without prepaying fees and costs. ECF No. 3. Based on the information submitted, the Court will grant plaintiff's application and waive the filing fee in this matter. *See* 28 U.S.C. § 1915(a)(1). However, after reviewing the complaint, the Court will direct plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

As best the Court can decipher, defendants Thomas Frisch and Ary Bird are plaintiff's neighbors. ECF No. 1 at 2. Bird is the "lady friend" of Frisch. *Id.* at 5. Plaintiff alleges that defendants "stalk" and "threaten" him. Also, Bird has made "sexual advances" towards him. Plaintiff is "afraid" defendants are going to "hurt" him when he comes out of his house because defendants are "putting other people on" him. *Id.* One of those people threatened plaintiff with bodily harm in the past. As a result of defendants' actions, plaintiff has suffered emotional distress and depression. *Id.* Plaintiff seeks punitive damages in an unspecified amount. *Id.* at 6.

According to the Civil Cover Sheet filed with his complaint, plaintiff believes that the Court has jurisdiction over this matter based on diversity jurisdiction. ECF No. 1-1. However, plaintiff also admits that he and defendants are both citizens of the state of Missouri. ECF Nos. 1 at 3-4, 1-1 at 1.

Federal courts are courts of limited jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). The existence of jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). The issue of the existence of jurisdiction may be raised at any time, by any party or by the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

This Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and to hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. The instant action does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. To the extent that plaintiff is seeking the initiation of federal criminal charges against defendants, initiation of a federal criminal prosecution is a discretionary decision within the executive branch and is not subject to judicial compulsion. *Ray v. U.S. Dep't of Justice*, 508 F. Supp. 724, 725 (E.D. Mo. 1981); 28 U.S.C. § 547(1).

Therefore, the Court may only hear this case if diversity jurisdiction exists. Under 28 U.S.C. § 1332, the Court has diversity jurisdiction over cases where the parties reside in different states and where the amount in controversy is more than $75,000. Here, it does not appear that

diversity jurisdiction exists because plaintiff and defendants are citizens of the same state. As a result, the Court will order plaintiff to show cause why this action should not be dismissed for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in district court without prepaying fees and costs [ECF No. 3] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that plaintiff must show cause no later than **thirty (30) days** from the date of this Order as to why this action should not be dismissed for lack of subject matter jurisdiction.

**Plaintiff's failure to timely comply with this Order could result in the dismissal of this action, without prejudice and without further notice.**

Dated this 1st day of December, 2020.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE