UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS CLEVE HOVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-CV-1369 SNLJ |
| ) | |
| THOMAS FRISCH and ARY BIRD, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the response of self-represented plaintiff Thomas Hovis to the Court's Order issued December 1, 2020. *See* ECF No. 4. In that Order, the Court directed plaintiff to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction. After being granted an extension of time, plaintiff filed a response with the Court on February 4, 2021. ECF No. 7. Plaintiff's response does not address the issue of jurisdiction or provide any basis for diversity jurisdiction over this matter. As such, for the reasons discussed below, the Court will dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

**Background**

As best the Court can decipher, self-represented plaintiff filed this civil suit against two of his neighbors in St. Louis, Missouri – defendants Thomas Frisch and Ary Bird. ECF No. 1 at 2. Bird is the "lady friend" of Frisch. *Id.* at 5. Plaintiff alleges that defendants "stalk" and "threaten" him. Also, Bird has made "sexual advances" towards him. Plaintiff is "afraid" defendants are going to "hurt" him when he comes out of his house because defendants are "putting other people on" him. *Id.* One of those people threatened plaintiff with bodily harm in the past. As a result of

defendants' actions, plaintiff has suffered emotional distress and depression. *Id.* Plaintiff seeks punitive damages in an unspecified amount. *Id.* at 6.

According to the Civil Cover Sheet filed with his complaint, plaintiff believes that the Court has jurisdiction over this matter based on diversity jurisdiction. ECF No. 1-1. However, plaintiff also admits that he and defendants are both citizens of the state of Missouri. ECF Nos. 1 at 3-4, 1-1 at 1. Due to these pleading deficiencies and the apparent lack of jurisdiction over this matter, the Court issued a show cause order regarding subject matter jurisdiction on December 1, 2020. ECF No. 4.

### Plaintiff's Response to the Order to Show Cause

On February 4, 2021, plaintiff filed a response to the Court's Order, reiterating claims made in his initial filing that some of his neighbors are "running an entrapment game on [him]." ECF No. 7 at 1. He further alleges that, although his neighbors are "likable," they are plotting and conspiring against him and he has circumstantial evidence, but no security camera footage, to support his claims. *Id.* Plaintiff then requests help from the Court in terms of the best "dection" in order to pursue his case. *Id.* at 2. Plaintiff does not address jurisdictional issues at all in his response.

### Discussion

Federal courts are courts of limited jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). The existence of jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). The issue of the existence

of jurisdiction may be raised at any time, by any party or by the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

This Court has jurisdiction to hear cases involving the Constitution, laws or treaties of the United States under 28 U.S.C. § 1331, and to hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. The instant action does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable.

Therefore, the Court may only hear this case if diversity jurisdiction exists. Under 28 U.S.C. § 1332, the Court has diversity jurisdiction over cases where the parties reside in different states and where the amount in controversy is more than $75,000. The burden falls upon the party seeking the federal forum to demonstrate that the parties are citizens of different states. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).

Here, plaintiff and defendants are neighbors. Although never directly addressed in plaintiff's response, it seems clear that diversity jurisdiction does not exist because plaintiff and defendants are citizens of the same state – Missouri. Nothing in plaintiff's show cause response indicates otherwise. The Court does not have jurisdiction to hear this case on the basis of diversity under 28 U.S.C. § 1332. Therefore, this case will be dismissed without prejudice for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that that this case is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 10th day of February, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE